UNITED STATES DISTRICT COURT      SOUTHERN DISTRICT OF TEXAS

A.K. Munjal, §
§
    Plaintiff, §
§
versus §      Civil Action H-07-1478
§
American Petro Chemical Corporation, et al., §
§
    Defendants. §

## Opinion on Dismissal

1.    *Introduction.*

A part-interest owner of a distillation unit seeks commission on the sale of a refinery on which the unit has become a fixture. When the owner discovered that the refinery was sold through bankruptcy, he filed a proof of claim. The bankruptcy court determined that the owner was not entitled to the sale proceeds of the refinery. The owner is now seeking remedy in state court for the same claim that he had asserted in bankruptcy but on different theories. Because the bankruptcy judgment is final, the owner cannot recover.

2.    *Background.*

A.K. Munjal owned a one-third interest in a petroleum distillation unit at a refinery in Nixon, Texas. Munjal transferred his interest to B.K. Dhingra on the understanding that he would be paid for the unit when the entire refinery was sold. Dhingra then sold the unit to American Petro Chemical Corporation. American Petro-Chem agreed to pay Munjal $100,000 from the proceeds when it sold the refinery.

The refinery was transferred to Notre Dame Investors in September 2005. That December, Notre Dame declared bankruptcy. The bankruptcy court approved of the sale of Notre Dame's only asset, the Nixon refinery, to Lazarus Energy for $16,050,000.

Munjal filed his proof of claim in the bankruptcy for $100,000 from Notre Dame. The bankruptcy court determined that Munjal was entitled to nothing. The bankruptcy court confirmed the plan and distributed the proceeds of the refinery's sale. It awarded $2,425,000 in cash to Dhingra, and the balance was paid to Notre Dame and its creditors.

Munjal neither appealed the bankruptcy court's decision nor did he file an adversary action against Dhingra or anyone else. Now, Munjal has sued Dhingra and American Petro-Chem for the same $100,000 on several theories.

Notre Dame intervened and removed it. Notre Dame, Dhingra, and American Petro-Chem have moved to dismiss Munjal's claim because the prior judgment is a bar. They say that Munjal is seeking the same money, on the same transaction, and from the same people in this suit as he had asserted in the bankruptcy, and, therefore, Munjal should not be allowed to re-litigate.

3.  *Res Judicata.*

Notre Dame, Dhingra, and American Petro-Chem may rely on the judgment *in rem* to preclude Munjal's claim. The doctrine of *res judicata* applies when: (a) the parties are the same in both actions; (b) the judgment was rendered by a court of competent jurisdiction; (c) the final judgment was on the merits; and, (d) the facts were the same in both cases. *Jones v. Sheehan, Young & Culp*, 82 F.3d 1334, 1338 (5th Cir. 1996).

Munjal argues that he was not a party in the bankruptcy, and, therefore, no identity of parties exists. When Munjal filed his proof of claim, he became a party. The bankruptcy court traced the interests of Munjal to American Petro-Chem and Dhingra before confirming the plan. Munjal's real and contractual interests were adequately represented in the bankruptcy. *See Eubanks v. Federal Deposit Insurance Corp.*, 977 F.2d, 166, 170 (5th Cir. 1992).

The second element is not at issue because the parties agree that the judgment was rendered by a court with competent jurisdiction. The bankruptcy court has jurisdiction to decide a title 11 case. *See* 28 U.S.C. § 157(a).

Munjal contends that the bankruptcy judgment was neither final nor on the merits of his new claim for breach of contract against Dhingra and American Petro-Chem. Munjal's claim was at the heart of the bankruptcy litigation — the sale of the refinery. Before confirming the plan, the bankruptcy court evaluated Munjal's $100,000 claim and determined that he was entitled to nothing. This constitutes a final judgment on the merits of Munjal's interest.

By raising theories that he did not litigate in the bankruptcy, Munjal says that he has presented a new cause of action. "Cause of action" in the rules and cases refers to real world events rather than to the legal theories applied to them. Munjal's bankruptcy and state claims arose out of the same transaction. When both claims are "derived from a common nucleus of

operative facts," they are the same cause of action. *United Mine Workers v. Gibbs*, 383 U.S. 715, 725 (1966). The factual predicate of Munjal's claims here is identical; Munjal is seeking the same $100,000 involving rights against Dhingra and American Petro-Chem from the inclusion of his interest in the unit in the refinery.

The only distinction between the bankruptcy and the current action is that Munjal is seeking recovery on different theories. Raising legal theories later cannot justify a re-litigation of the same facts. Legal theories that are not advanced during the first adjudication are barred in a later action. *Nilsen v. The City of Moss Point*, 701 F.2d 556, 560 (5th Cir. 1983). When Munjal filed his proof of claim, he had a responsibility to raise every possible theory against every possible defendant during that action. *Restatement (Second) of Judgments* §§ 24-25 (1982).

4. *Jurisdiction.*

Once a bankruptcy court has confirmed a plan, it no longer has jurisdiction over later actions because the debtor's estate – the thing that gives it jurisdiction – has ceased to exist. *In re Craig's Store of Texas, Inc.*, 247 B.R. 652, 654 (S.D. Tex. 2000), *aff'd*, 266 F.3d 388 (5th Cir. 2001). The bankruptcy court can only retain jurisdiction for administrative enforcement of the plan. *U.S. Brass, Corp. v. Travelers Insurance Group, Inc.*, 301 F.3d 296, 304 (5th Cir. 2002). Because Munjal's post-confirmation claim falls outside of implementation of the plan, it is beyond bankruptcy jurisdiction. *In re Fairfield Communities, Inc.* 142 F.3d 1093, 1095 (8th Cir. 1998). Further, a defensive plea is not a basis for removal to federal court. *Rivet v. Regions Bank of Louisiana*, 522 U.S. 470, 478 (1998). The earlier federal judgment only supports the defense of *res judicata*. The proper remedy is for Dhingra and American Petro-Chem to plead their defense in state court.

5. *Conclusion.*

Dismissing a barred case for absence of jurisdiction may seem to be an inefficient gesture; however, the defensive plea has been confided to our colleagues on the Texas bench. No jurisdiction exists in federal court for Munjal's claim. Even if there were jurisdiction, Munjal's claim would be barred because it had been fully adjudicated by the bankruptcy court in 2006. Notre Dame, Dhingra, and American Petro-Chem's motion to dismiss would be

granted if the court were not obliged to dismiss the case for want of prosecution.

Signed on November 19, 2007, at Houston, Texas.

Lynn N. Hughes
United States District Judge